[Cite as *Knapp v. Ohio Dept. of Health*, 2022-Ohio-3401.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Lisa F. Knapp, | : | |
| Requester-Appellee, | : | |
| | : | No. 21AP-453 |
| v. | : | (Ct. of Cl. No. 2021-00191PQ) |
| Ohio Department of Health, | : | (REGULAR CALENDAR) |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on September 27, 2022

**On brief:** *Dave Yost*, Attorney General, *Rebecca L. Thomas* and *Theresa R. Dirisamer*, for appellant. **Argued:** *Rebecca L. Thomas.*

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Respondent-appellant, the Ohio Department of Health ("ODH"), appeals a judgment of the Court of Claims of Ohio ordering ODH to provide requester-appellee, Lisa F. Knapp, with the public records she requested. For the following reasons, we reverse that judgment.

{¶ 2} On March 25, 2021, Knapp requested ODH run "a report for all Cause of Deaths in Ohio coded as Covid-19 (U07.1)," with each decedent's name, age, date of death, place of death, and other information included in the report. (Compl. at attachment.) ODH responded that it did not "have a report with the data fields that [Knapp was] requesting." *Id.*

{¶ 3} On April 7, 2021, Knapp filed a public-records-access complaint against ODH in the Court of Claims pursuant to R.C. 2743.75. In accordance with R.C. 2743.75(D)(2),

the trial court assigned a special master to examine the complaint. The special master issued a report and recommendation to the trial court. In that report, the special master considered whether the record Knapp sought was excepted from disclosure under R.C. 3701.17(B), which prohibits the release of "protected health information" absent consent or the application of a statutory exception. The special master concluded that the requested information did not fall squarely within the public-records exception contained in R.C. 3701.17. Consequently, the special master recommended that the trial court order ODH to comply with Knapp's public-records request.

{¶ 4} ODH objected to the special master's report and recommendation. In a decision and entry dated August 12, 2021, the trial court overruled ODH's objections and adopted the special master's report and recommendation.

{¶ 5} ODH now appeals the August 12, 2021 decision and entry, and it assigns the following errors:

> 1. The lower court erred when it ordered the Department to create a unique subset of data in response to a public records request.
>
> 2. The lower court erred when it ordered the Department to produce Protected Heath Information, as defined by R.C. 3701.17.

{¶ 6} We will begin by addressing ODH's second assignment of error. In that assignment of error, ODH argues that the trial court erred by ordering it to provide the record Knapp requested because it contains protected health information, which is exempted from disclosure under the Public Records Act pursuant to R.C. 3701.17. We agree.

{¶ 7} Ohio's Public Records Act requires a public office to promptly make copies of public records available to any person upon request. R.C. 149.43(B)(1). Courts construe the Public Records Act liberally in favor of broad access to public records and resolve any doubt in favor of disclosure. *State ex rel. CNN, Inc. v. Bellbrook-Sugarcreek Local Schools*, 163 Ohio St.3d 314, 2020-Ohio-5149, ¶ 8. Conversely, courts construe exceptions to disclosure strictly against the public office. *Id.* The public office carries the burden to establish the applicably of an exemption to disclosure. *Id.* To meet its burden, the public office must prove facts establishing that the requested records fall squarely within the

exemption.  *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, ¶ 35.

{¶ 8}   Whether a particular record is exempt from disclosure presents a question of law, although the application of the statutory exemption will necessarily depend on the application of facts to the record at issue.  *Id*. at ¶ 37.  When a party appeals a mixed question of law and fact, an appellate court will review the legal question de novo but will defer to the trial court's underlying factual findings, reviewing them only for clear error.  *Id*.

{¶ 9}   The dispute in this case centers on the applicability of R.C. 149.43(A)(1)(v), which exempts from disclosure "[r]ecords the release of which is prohibited by state or federal law."  ODH argues that R.C. 3701.17(B), which prohibits the release of protected health information, prevents it from disclosing to Knapp a decedent's name or identifying information in conjunction with that decedent's cause of death.

{¶ 10}   Pursuant to R.C. 3701.17(B), "[p]rotected health information reported to or obtained by the director of health, the department of health, or a board of health of a city or general health district is confidential and shall not be released without the written consent of the individual who is the subject of the information unless the information is released pursuant to division (C) of this section" or a statutory exception applies.  The statute defines "protected health information" as:

> information, in any form, including oral, written, electronic, visual, pictorial, or physical that describes an individual's past, present, or future physical or mental health status or condition, receipt of treatment or care, or purchase of health products, if either of the following applies:
>
> (a) The information reveals the identity of the individual who is the subject of the information.
>
> (b) The information could be used to reveal the identity of the individual who is the subject of the information, either by using the information alone or with other information that is available to predictable recipients of the information.

R.C. 3701.17(A)(2).  "Information that is in a summary, statistical, or aggregate form and that does not identify an individual is a public record under section 149.43 of the Revised Code and, upon request, shall be released by the director."  R.C. 3701.17(C).

{¶ 11} Recently, in *Miller v. Ohio Dept. of Health*, 10th Dist. No. 21AP-267, 2022-Ohio-357, we addressed a public-records request virtually identical to Knapp's request. Like Knapp, Miller asked the ODH to "run a report for all Cause of Deaths in Ohio coded as Covid-19 (U07.01)," with each decedent's name, age, date of death, place of death, and other information included in the report. *Id.* at ¶ 2. In *Miller*, we held that the record requested contained information exempt from disclosure under R.C. 3701.17(B). *Id.* at ¶ 7. We thus concluded that ODH properly denied the public-records request. *Id.*

{¶ 12} Given our holding in *Miller*, we conclude that the record Knapp sought in her public-records request contained protected health information, which is exempt from release under R.C. 3701.17(B). Accordingly, we find that the trial court erred in ordering ODH to comply with Knapp's public-records request, and we sustain ODH's second assignment of error.

{¶ 13} By ODH's first assignment of error, it argues that the trial court erred in ordering it to create a new subset of data in order to respond to Knapp's public-records request. Our resolution of the second assignment of error renders the first assignment of error moot, so we do not address it.

{¶ 14} For the foregoing reasons, we sustain the second assignment of error, which renders the first assignment of error moot. We reverse the judgment of the Court of Claims of Ohio.

*Judgment reversed.*

BEATTY BLUNT and MENTEL, JJ., concur.

———————————